UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

KEVIN S. DUBAY,                                      :
                                                     :
    Plaintiff(s),                                   :
v.                                                   :    Case No.
                                                     :    Jury Trial Demanded
TRANS UNION LLC and
FIFTH THIRD BANK,

    Defendant(s).
_____/

**COMPLAINT**

The Plaintiff, Kevin S. Dubay ("Plaintiff"), by and through his attorney, the Law Offices of Nicholas A. Reyna P.C., alleges the following:

**Nature of Action**

1. Plaintiff brings this action against the Defendants, seeking damages and equitable relief, to redress the co-Defendant Trans Union LLC's systemic violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq- hereinafter, "FCRA") and co-Defendant Fifth Third Bank's systemic violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq- hereinafter, "FCRA")

**Parties**

2. Plaintiff Kevin S. Dubay is a citizen of Michigan residing in Belmont, Michigan.

3. Defendant Trans Union, LLC ("Trans Union") is an Atlanta, Georgia-based credit information provider whose registered office is located at 601 Abbott Road in East

Lansing, Michigan 48823.

4. Defendant Fifth Third Bank ("Fifth Third") is an Ohio-based Foreign Profit Corporation whose registered agent is CSC- Lawyers Incorporating Service and whose registered office address is 601 Abbot Road in East Lansing, Michigan 48823. Fifth Third is a furnisher of information as contemplated by the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## Jurisdiction and Venue

5. This Court has jurisdiction under 15 U.S.C. § 1681p. Venue in this jurisdiction is proper because the Defendants transact business here, the pertinent events took place here, and the Plaintiff resides here. Furthermore, this action encompasses Federal jurisdiction relating to the Federal law claims under 28 U.S.C. § 1367.

## Factual Background

6. On October 30, 2010, the Plaintiff filed for Chapter 13 bankruptcy protection as a co-debtor along with his wife Tresia J. Dubay in the Western District of Michigan; the case number for the relevant case is 09-05129-jwb (*see Exhibit A*).

7. With some exceptions, completion of a Chapter 13 bankruptcy plan discharges a debtor's obligation on debts included in the plan pursuant to 11 U.S.C. §1328, with an exception provided specific to § 1322(b)(5)- "the curing of any default with a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." In addition, it is a well-established

principle of bankruptcy law that liens pass through bankruptcy proceedings unaffected. *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992). This means that a secured creditor need not file a claim in a bankruptcy proceeding to preserve its' lien. *In re Tarnow*, 749 F.2d 464, 465-66 (7th Cir. 1984). Instead, a creditor with a loan secured by a lien on a debtor's assets may ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt. *Tarnow* at 465.

8. At the time of the Plaintiff's case confirmation, a post-petition mortgage debt due and owing to Fifth Third Bank, was listed as a continuing, long-term claim as defined under 11 U.S.C. §1322(b)(5) on the Plaintiff's confirmed Chapter 13 plan (*see Exhibit B*). Accordingly, the completion of his plan **did not** discharge his obligation to Fifth Third Bank.

9. The Plaintiff's bankruptcy case was successfully discharged on January 8, 2014 (*Exhibit A).*

10. Thereafter, upon personal review of the Plaintiff in early March of 2016, Plaintiff discovered that Trans Union was misreporting the payment history associated with the Fifth Third account at issue, information which presumably had been furnished to Trans Union by Fifth Third. Thereafter, the Plaintiff drafted a dispute letter dated March 7, 2016 which outlined the deficiencies and necessary corrections (*see Exhibit C*). This dispute letter was subsequently mailed to Trans Union by the Plaintiff.

11. Trans Union, having presumably conferred with Fifth Third upon receipt of the Plaintiff's dispute and requesting they provide appropriate verification of the inaccurate information in dispute, subsequently forwarded an updated credit report in response to the Plaintiff's dispute which was dated March 17, 2016 (*see Exhibit D*).

3

While the updated report did effectively correct the inaccurate payment history set forth in the Plaintiff's original dispute, it also erroneously indicated a current balance of **$0.00**, which is inaccurate given that a current balance does in fact remain specific to the account at issue. The updated report also indicates "account included in bankruptcy," which explicitly suggested the account was discharged as a part of the underlying bankruptcy and certainly implies that fact given the incorrect $0.00 balance provided by Trans Union, and at a minimum represents a confusing, misleading, and inaccurate representation of the true status of the debt, as the subject debt was a continuing claim which survived the Plaintiff's Chapter 13 bankruptcy discharge.

12. Reporting the debt at issue as "included in bankruptcy" and possessing a current balance of **$0.00** is contrary both to the statutory provisions set forth above and the referenced discharge order entered on the Plaintiff's behalf as of January 8, 2014.

13. Fifth Third responded to the Plaintiff's dispute by falsely verifying the credit information at issue.

14. Trans Union maintained the inaccurate information in the Plaintiff's consumer file as a result of the verification from the source of the inaccurate information, and Trans Union's own failure to conduct a proper, reasonable reinvestigation of the inaccurate information.

15. The Defendants are mutually responsible for purposefully reporting the account at issue as though it were subject to a Chapter 7 rather than Chapter 13 bankruptcy discharge, which in turn prevented the Plaintiff from receiving credit for over two years of timely payments made specific thereto, which in turn harmed his ability to rebuild his FICO score following the discharge of his bankruptcy.

16. As a result of the negative and inaccurate credit reporting, the Plaintiff's credit score continues to be adversely affected, and the Plaintiff's credit reputation was and continues to be wrongfully damaged.

17. "The duty to correct an incomplete or inaccurate report equally extends to the discovery of both inaccurate or incomplete consumer information and to the discovery of consumer information that is materially misleading." *Boggio v. USAA Fed. Saving Bank*, 696 F.3d 611, 614 (6th Cir. 2012).

18. Consumer reporting agencies pursuant to Section 1681e(b) of the Fair Credit Reporting Act are required to "follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report." *Nelski v. Trans Union, LLC*, 86 F.App'x 840, 844 (6th Cir. 2004). Under this section, "liability flows only from a 'failure to follow (1) reasonable procedures (2) to assume maximum possible accuracy of the information (3) concerning the individual about whom the information relates. *Id* at 844. The reasonableness standard is "what a reasonably prudent person would do under the circumstances." *Id* at 844.

19. The Sixth Circuit has established that the elements necessary to assert a claim under 1681e(b) involve a Plaintiff proving (1) the Defendant reported inaccurate information about the Plaintiff; (2) the Defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the Plaintiff; (3) the Plaintiff was injured; and (4) the Defendant's conduct was the proximate cause of the Plaintiff's injury. *Nelski* at 844.

20. A credit report is "inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse

effect." *Poore v. Sterling Testing Systems, Inc.,* 410 F.Supp.2d 557 (E.D.Ky. 2006) See also *Dickens v. Trans Union Corp.*, 18 F.App'x 315, 318 (6th Circ. 2001).

21. An FCRA violation occurs when CRAs such as Trans Union provide information that creates a "materially misleading impression," that omits material to create "incomplete or inaccurate" information, or even when a furnisher fails to identify that a consumer has disputed his information, when the dispute is a bona fide one that "could materially alter how the reported debt is understood." *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 617-18 (6th Cir. 2012).

22. The Plaintiff seeks equitable damages, including correction of the subject trade line from the Plaintiff's credit report, along with monetary damages, both actual, punitive, and statutory due to the failure of the Defendants to properly modify the account information at issue, in whatever amount a jury finds Defendants liable, plus attorney fees, litigation costs, and court costs.

## COUNT I- VIOLATION OF FAIR CREDIT REPORTING ACT BY CO-DEFENDANT TRANS UNION LLC

23. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

24. The Plaintiff prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced a consumer report regarding the Plaintiff as defined under 15 U.S.C. §1681a.

25. The referenced report contained information about the Plaintiff that was false, misleading, and inaccurate.

26. By failing and/or refusing to properly investigate the Plaintiff's dispute, Trans

Union willfully refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff in violation of 15 U.S.C. § 1681e(b).

27. In the alternative, Trans Union negligently refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff in violation of 15 U.S.C. § 1681e(b).

28. After receiving the Plaintiff's consumer dispute, Trans Union willfully failed to conduct a *reasonable* investigation thereof as required by 15 U.S.C. § 1681i, such verified by the fact that Trans Union failed to properly update the account information at issue after the Plaintiff issued his original dispute to Trans Union, in fact modifying the information to make it further incorrect and suggest the account had been discharged in bankruptcy when in fact it had not, and similarly indicating the account had no current balance when it does in fact.

29. In the alternative, Trans Union negligently failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i for the foregoing reasons.

30. In this instance, it is clear and obvious that Trans Union (1) reported inaccurate information about the Plaintiff by attributing a $0.00 balance on an account that has a current balance and suggesting the account was discharged in bankruptcy when it was not, (2) the Defendant either negligently or willfully failed to modify that account information and/or modified it following the Plaintiff's dispute in such a way as to only enhance the previous misreporting of the account, (3) the Plaintiff was first subject to indications through the prior reporting that he had made late payments on the account at

issue and following his dispute is now being injured by reporting on the account which misidentifies it as having no balance and being effectively discharged in his prior bankruptcy filing, and (4) but for the Defendant's conduct, that injury would not have occurred. As a result, the Defendant was clearly in violation of § 1681e(b)

31. There is simply no doubt in this instance that the information currently being furnished by Trans Union creates a materially misleading impression that the Plaintiff owes no current balance to the creditor at issue and otherwise seems to indicate that the debt had been discharged as a part of the Plaintiff's prior bankruptcy filing when demonstrably it has not.

32. As a direct and proximate cause of Trans Union's failure to perform its' required duties under the FCRA, the Plaintiff has suffered actual damages, including potential denial of credit, reduced opportunity for credit, increased costs, interest, and fees for credit, along with emotional distress, humiliation, and embarrassment.

33. False information was and continues to be furnished by the Defendant.

34. Upon reinvestigation, Trans Union reported erroneous credit information and consciously avoided knowing that the credit information was inaccurate in violation of the FCRA, 15 U.S.C. §1681s2(b).

35. Trans Union is liable to the Plaintiff by reason of its' violations of the FCRA in an amount to be determined by a jury together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

## COUNT II- DEFAMATION

36. Plaintiff incorporates by reference the aforementioned allegations as if

restated fully herein word for word.

37. Trans Union caused to be published one or more written false statements which were intended to impeach the Plaintiff's honesty, integrity, credit worthiness, and/or reputation.

38. The Plaintiff is not a public figure.

39. The statements by Trans Union to the public represent a slur on the Plaintiff's character by Trans Union, including her honesty, integrity, virtue, or reputation, as well as her credit worthiness.

40. The defamatory statements resulted in damages to the Plaintiff.

**COUNT III- VIOLATION OF FAIR CREDIT REPORTING ACT BY CO-DEFENDANT FIFTH THIRD BANK**

41. A Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

42. Pursuant to 15 U.S.C. 1681s-2(a)(1)(A), a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.  Presumably the inaccurate payment history originally evident in the Plaintiff's credit report was information first supplied to Trans Union by Fifth Third.

43. Every circuit to have addressed the issue holds that an investigation undertaken by a furnisher such as Fifth Third upon receipt of a dispute like the one forwarded by the Plaintiff must be a reasonable one. *See Johnson v. MBNA a. Bank, NA*, 357 F.3d 426, 430-31 (4th Cir. 2004).  The term "investigation" itself denotes a "fairly searching inquiry" or at least something more than a merely cursory review." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155-57 (9th Cir. 2009).  A simple review of

the bankruptcy docket and/or payment history to Fifth Third by the Plaintiff, both of which were readily available to it, would have revealed that the dispute of the Plaintiff was justified and that several errors remained which required correction on the subject credit report.

44. Even assuming a reasonable investigation was first undertaken by Trans Union upon the Plaintiff's initial dispute, Fifth Third further violated the Fair Credit Reporting Act, 15 U.S.C. § 1682s-2(b), by falsely verifying the debt to Trans Union when contacted by them to verify the dispute.

45. Fifth Third reported inaccurate information concerning the Plaintiff to Trans Union presumably both prior to and following the Plaintiff's dispute.

46. Upon information and belief Trans Union forwarded the Plaintiff's dispute to Fifth Third, who received it, and thereafter demonstrably failed to conduct a reinvestigation consistent with its' obligations as set forth in 15 U.S.C. 1682s-2(b)(1)(A)-(E).

47. Section 1682s-2(b) provides that after receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  In addition, a person shall complete all investigations, reviews, and

reports under this subsection before the expiration of the period set forth under 15 U.S.C. § 1681i(a)(1).

48. Fifth Third committed such violations willfully or negligently thereby violating 15 U.S.C. §1681n and or §1681o.

49. Section 1861n provides that any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

50. Section 1681o provides that any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure; (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the Court.

51. Fifth Third negligently violated 15 U.S.C. §§ 1681s-2(b) and 1681o; alternatively, Fifth Third willfully violated 15 U.S.C. §§1681s-2(b) and 1681n.

52. In addition, when a person "willfully fails to comply with any requirement imposed…with respect to any consumer," that consumer may seek actual or statutory damages, as well as punitive damages and attorney's fees and costs. *Beaudry v. Telecheck, Servs., Inc.,* 579 F.3d 702, 705-06 (6th Cir. 2009).

11

53. The Plaintiff suffered clear and unequivocal damages as a result of these violations of the FCRA by Fifth Third.

## DEMAND FOR JUDGMENT AND RELIEF

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A)   Statutory and actual damages in an amount to be determined by the Court.

(B)   Deletion or correction of any and all accounts being wrongfully reported by the Defendant.

(C)   Statutory costs and attorney fees under the FCRA.

(D)   Injunctive relief, including but not limited to correction of the account.

(E)   Compensatory and/or punitive damages.

(F)   Any other relief which the Court deems appropriate.

### Demand for Trial by Jury

Plaintiff demands trial by jury.

RESPECTFULLY SUBMITTED,
LAW OFFICES OF NICHOLAS A. REYNA

Date:  March 29, 2016                         /s/ Nicholas A. Reyna
Nicholas A. Reyna (P68328)
Attorney for Debtor(s)
528 Bridge St., Ste. 1A
Grand Rapids, MI 49504
(616) 235-4444
Nickreyna7@hotmail.com